IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Frank Eckert,**

        **Plaintiffs,**

**v.**                                              **Case No. 16-2362-JWL**

**Super Van Services Company, Inc.,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Frank Eckert filed suit against his former employer alleging that his employment was terminated in violation of the Family and Medical Leave Act ("FMLA"). Defendant has now moved to dismiss plaintiff's complaint for failure to state a claim because the complaint fails to plausibly allege that plaintiff is an "eligible employee" under the Act. The motion is denied.

*Standard*

Defendant moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] In analyzing the parties' submissions, then, the court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to

---

[1] In its reply, defendant asserts that its motion should be granted as unopposed because plaintiff filed his response to the motion two days late without any explanation for the untimeliness. The interests of justice are not served by disregarding plaintiff's response, particularly as the two-day delay did not prejudice defendant in any respect and the motion has been fully briefed on the merits. The court, then, declines defendant's invitation to grant the motion as unopposed.

the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc*., 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

*Background*

Consistent with the foregoing standard, the following well-pleaded allegations, taken from plaintiff's complaint, are accepted as true.  Plaintiff began working for defendant as an over-the-road truck driver in July 2014.  At all relevant times, plaintiff drove the route between Kansas City, Kansas and St. Louis, Missouri.  Plaintiff resides in Kansas and the allegations in the complaint suggest that he began his route from defendant's Kansas City, Kansas terminal and ended his route back at that terminal.  Nonetheless, plaintiff's supervisor, Tom Hamm, was the terminal manager of defendant's St. Louis terminal.

Beginning in January 2015, plaintiff began experiencing pain in his lower abdomen and groin for which he sought medical attention.  Plaintiff's physician diagnosed a swollen prostate and advised plaintiff that the condition might require surgical intervention.  At that time, the condition did not interfere with plaintiff's job responsibilities, but plaintiff advised the terminal manager in Kansas City, Kansas of the diagnosis and the potential for surgery in the future.  Three months later, plaintiff's physician advised that surgery was necessary.  Plaintiff's surgery was scheduled for early May 2015 and he notified an office manager about the surgery.  Thereafter, Mr. Hamm contacted plaintiff requesting that he reschedule the surgery.  Plaintiff

refused and notified Mr. Hamm that he would need two weeks to recover from the surgery. According to plaintiff, Mr. Hamm was upset and questioned whether plaintiff even needed one week to recover.

Plaintiff's surgery took place in early May as scheduled and he returned to work on May 18, 2015. When plaintiff had complications from the surgery in late May 2015, he reported those complications and submitted leave requests (which were granted) to the office manager and dispatcher in St. Louis. After continuing to experience pain, plaintiff was diagnosed in October 2015 as having a hernia that required surgery. Surgery was scheduled for November 2015 and plaintiff notified Mr. Hamm as well as the operations manager and office manager of the St. Louis terminal that he needed time off for the surgery as well as a two-week recuperation period. Mr. Hamm threatened to terminate plaintiff's employment by "relocating" plaintiff's position to the St. Louis terminal." As plaintiff's return-to-work date of November 25, 2016 neared, Mr. Hamm contacted plaintiff by telephone inquiring as to why plaintiff had not called the office to confirm his return date and questioning the need for both the surgery and the recuperation period. Before plaintiff returned to work, Mr. Hamm notified that plaintiff that "due to a reduction in future volume" plaintiff's position was going to shift to the St. Louis terminal such that plaintiff's employment was terminated.

*Discussion*

Defendant moves to dismiss plaintiff's complaint based on a provision of the FMLA which excludes from FMLA eligibility any employee who is employed at a particular worksite if the employer employs less than 50 employees within 75 miles of that worksite. *See* 29 U.S.C. §

2611(2)(B)(ii). While plaintiff alleges in his complaint that defendant employed 50 or more employees within a 75-mile radius of where plaintiff was employed, defendant asserts that plaintiff's complaint conclusively establishes that his "worksite" was the Kansas City, Kansas terminal and provides evidence purporting to demonstrate that defendant employs less than 50 employees at the Kansas City, Kansas terminal. While defendant appears to suggest that it employs the requisite number of employees at its St. Louis terminal, that terminal is clearly more than 75 miles from the Kansas City, Kansas terminal.

As a procedural matter, because defendant did not move for summary judgment under Rule 56, the court need not even consider defendant's affidavit considering the number of employees at the Kansas City, Kansas terminal. *See Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc*., 680 F.3d 1194, 1201 (10th Cir. 2011) (in evaluating a motion to dismiss under Rule 12(b)(6), the court may consider only the complaint, exhibits attached to the complaint and documents incorporated into the complaint by reference). But even assuming that the Kansas City, Kansas terminal has less than 50 employees (which plaintiff seems to concede in his response), defendant has not shown that dismissal of the complaint is warranted at this juncture.

As defined in the pertinent regulation, the "worksite" of employees with no fixed worksite (such as truck drivers) "is the site to which they are assigned as their home base, from which their work is assigned, or to which they report." 29 C.F.R. § 825.111(a)(2). Defendant contends that the complaint "clearly shows" that plaintiff was assigned work and reported to the KCK terminal. The court disagrees. There are numerous allegations in the complaint plausibly suggesting that plaintiff was assigned work from the St. Louis terminal and that he reported to

4

the St. Louis terminal—including allegations that his immediate supervisor was the terminal manager in St. Louis and that plaintiff was required to clear scheduling and leave issues with the St. Louis terminal. Indeed, the allegations in the complaint tend to show that plaintiff's employment was linked more directly to the St. Louis terminal than the Kansas City terminal. Plaintiff, then, has plausibly alleged in his complaint that his "worksite" for purposes of the 50/75 rule was the St. Louis terminal. In its reply, defendant complains that plaintiff has failed to come forward with "conclusive evidence" rebutting defendant's evidence that plaintiff's worksite was the Kansas City terminal. At this juncture, of course, plaintiff is not required to come forward with any evidence whatsoever. Plaintiff's complaint is sufficient to indicate that the worksite inquiry in the context of this case will be a fact-specific inquiry requiring discovery. *See O'Dea-Evans v. A Place for Mom, Inc.*, 2009 WL 2143739, at *6 (N.D. Ill. July 15, 2009) (whether a given location qualifies as an employee's FMLA worksite is often fact specific).

For the foregoing reasons, defendant's motion to dismiss is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss for failure to state a claim (doc. 7) is denied.

**IT IS SO ORDERED**.

Dated this 22nd day of August, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

6